IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 3, 2018

## IN RE ESTATE OF BILLY JOE KERBY

**Appeal from the Chancery Court for McNairy County**
**No. P1319      William C. Cole, Chancellor**

_____

### No. W2018-00728-COA-R3-CV

_____

This appeal concerns the trial court's summary judgment dismissal of the petitioner's claim against the estate of the decedent. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S. and D. MICHAEL SWINEY, C.J., joined.

John E. Talbott and G.W. Sherrod, II, Henderson, Tennessee, for the appellant, Jerry Edward Mitchell, Administrator of the Estate of Jo Ellen Kerby.

Melissa G. Stewart-Leitschuh, Savannah, Tennessee, for the appellee, Estate of Billy Joe Kerby.

## OPINION

### I.      BACKGROUND

Billy Joe Kerby ("Decedent") and Jo Ellen Kerby ("Petitioner") were married in 1989. Decedent executed a last will and testament on August 8, 2013, more than two years prior to his death on January 15, 2016. Pursuant to the terms of the will, Decedent bequeathed a life estate to property and a house, along with other items, to Petitioner. The remainder of his estate was left to his daughters from a prior marriage, Kay and Theresa Kerby. Decedent named Kay Kerby ("Executrix") as the executrix of his estate. Executrix admitted the will to probate on February 18, 2016, and letters testamentary were issued on the same day. A notice of the court's issuance of letters testamentary was published in the local paper for two consecutive weeks, beginning on February 24, 2016.

On November 4, 2016, Petitioner filed a petition for specific property, year's support allowance, elective share, and application for homestead. Petitioner conceded that she and Decedent had entered into an antenuptial agreement that specified the divestiture of Decedent's residence but was vague as to the remaining financial assets of either party. Petitioner claimed that she was unaware of the extent and value of Decedent's property at the time of the execution of the antenuptial agreement. Petitioner further claimed that she did not receive notice of the probate action until May 3, 2016.

Executrix objected to Petitioner's request for relief and asserted that her claims should be denied pursuant to the terms of the antenuptial agreement. She further asserted that Petitioner's application should be denied because her claims against the estate were not made within nine months as required by statute.

Petitioner passed away during the pendency of the proceedings on February 13, 2017.[1] Executrix moved for summary judgment dismissal of Petitioner's claims, alleging that dismissal was warranted because Petitioner's claims were not filed within nine months of Decedent's death as required by statute. Executrix also filed a motion to dismiss Petitioner's claims pursuant to the terms of the antenuptial agreement, which provided, in pertinent part, as follows:

> [Petitioner] hereby releases, renounces and quitclaims all interest in the real property and all right to participate in the distribution of the personal property of [Decedent] should she survive him, both as to property now owned by him and property hereafter acquired; together with the right to administer on his estate.

On January 5, 2018, Petitioner filed a motion to compel inventory of the estate and her responses to the motions for summary judgment and dismissal. Petitioner alleged that she was unaware of and was provided no information concerning the probate proceeding until May 3, 2016, when she finally received a copy of the will from Executrix's counsel and notice of the probate action. She then made repeated inquiries concerning the condition of the estate and expenses; however, Executrix did not file an inventory of the estate. Citing Tennessee Code Annotated section 31-4-103,[2] Petitioner claimed that Executrix's failure to file the inventory precluded the summary dismissal of the petition. Petitioner further asserted that the antenuptial agreement was invalid based upon the lack of disclosures made to her at the time of the execution of the contract.

---

[1] The court substituted Petitioner's estate as the petitioner in this action.

[2] "To enable the surviving spouse to act as personal interest may require, the personal representative shall disclose, upon application, the state and condition of the spouse-testator's estate."

- 2 -

Executrix filed the requested inventory of the estate on March 19, 2018. The case then proceeded to a hearing, after which the court granted summary judgment dismissal of Petitioner's claims based upon her failure to file the petition within the applicable nine-month statutory time frame. In so holding, the court further found as follows:

> No application for information related to the state and condition of the Estate of Billy Joe Kerby was made by the surviving spouse or her estate as required by Tennessee Code Annotated section 31-4-103 during the nine month period following the death of [Decedent].

This timely appeal followed.

## II.     ISSUE

The sole and dispositive issue on appeal is whether the court erred in granting summary judgment.

## III.     STANDARD OF REVIEW

The appropriate summary judgment standard to be applied is as follows:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense.

*Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

"We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness." *Rye*, 477 S.W.3d at 250 (citations omitted). "In doing so, we make a fresh determination of whether the requirements of [Rule 56] have been satisfied." *Id.* (citations omitted). We must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008).

This appeal also involves the interpretation of statutes. Statutory construction is a question of law that is reviewed de novo without any presumption of correctness. *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009). This court's primary objective is to carry out legislative intent without broadening or restricting a statute beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the legislature is not violated by so doing. *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we should apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004).

## IV. DISCUSSION

Our legislature has provided certain safeguards for a surviving spouse to recoup property and other items from a decedent spouse's estate beyond that which is provided for in the decedent's will. A surviving spouse may petition the court to receive the homestead, an elective share of the estate, specific property, and an allowance of year's support. Such a petition for any of the aforementioned claims must be made within nine months of the decedent's passing. Tenn. Code Ann. § 31-4-102(a)(1) ("The surviving spouse may elect to take the spouse's elective share in decedent's property by filing in the court . . . a petition for the elective share within nine (9) months after the date of death."); *see also* Tenn. Code Ann. §§ 30-2-101(d); -102(g); and 204(b) (referring to the time limits set by Section 31-4-102(a)(1)).

Here, the Parties agree that Petitioner did not petition the court within nine months of Decedent's passing. Petitioner claims that the court erroneously foreclosed her claims due to her failure to comply with the nine-month timeframe when Executrix failed to file an inventory or advise her as to the state and condition of the estate as required by Tennessee Code Annotated section 31-4-103, which provides as follows:

> To enable the surviving spouse to act as personal interest may require, the personal representative shall disclose, *upon application*, the state and condition of the spouse-testator's estate.

(Emphasis added.). While Petitioner claimed that she made "inquiries" concerning the status of the estate, the record contains no evidence by affidavit or otherwise establishing that she made the required application for information related to the state and condition of the estate within the relevant time period. Petitioner did not file her motion to compel an inventory of the estate until January 5, 2018, well beyond the nine-month period. With these considerations in mind, we affirm the summary judgment dismissal of her petition.

## V.     CONCLUSION

We affirm the decision of the trial court and remand for such further proceedings as may be necessary.  Costs of the appeal are taxed to the appellant, Jerry Edward Mitchell, Administrator of the Estate of Jo Ellen Kerby.


_____
JOHN W. McCLARTY, JUDGE